

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-3825
Re: Contract of deed from T.E.
McEachern for right of way
in Kimble County, Texas.

We acknowledge receipt of your request for an opinion
of this Department on the deed of above reference.

You have attached to your request a conveyance which contains the following provisions:

> "Except however, the Grantor herein reserves
> for himself, his heirs, assigns and legal representa-
> tives, all of the minerals, both liquid and solid
> of whatsoever kind and character, in and under the
> premises hereby conveyed, and it is understood and
> agreed, and this conveyance is accepted, subject to
> the rights of the grantor, his heirs, assigns or
> legal representatives, to take all usual, necessary
> and convenient means for working and getting said
> minerals in, on or under said real estate, subject
> to the rights granted herein for public road pur-
> poses."

> "This conveyance is made with the further con-
> sideration that should the above described real estate
> ever be abandoned by the grantee, its successors and
> assigns for public road purposes, that the fee simple
> title thereto will revert to grantor, his heirs, assigns
> or legal representatives."

Based upon the above quoted portions of the deed, you have
asked the following two questions:

Hon. D. C. Greer, page 2

1. Under the first paragraph of the written-in restrictions, can Mr. McEachern, his heirs or assigns, at any time enter upon the property described in the deed, for the purpose of mining, drilling, exploring or developing the reserved mineral rights, or does the paragraph as written give the State superior title?

2. Under the second paragraph of the written-in restrictions, since the shown consideration of $313.50 is paid by Kimble County, can the Department accept such a restriction, namely, the property described in said deed to revert direct to the Grantor, his heirs or assigns, upon abandonment by the State."

In answer to your question No. 1, you are advised that while the provisions reserve to the grantor the minerals under said lands and grant to the grantor the right to take usual and necessary means in procuring said minerals, this right of the grantor is subject to the rights of the State for road purposes. The precise question here presented has never been directly answered by our courts but in connection therewith you are advised that the general public highway easement extends to the highway as located, and consists in privilege of passage, with incidental powers and privileges, such as the right to construct and maintain safe and convenient roadway and to do any other acts which will tend to facilitate travel and are in furtherance of purpose for which the land was acquired. Mosheim vs. Rollins, 78 S. W. (2d) 672.

The rights reserved by the grantor to the minerals are, therefore, subject to the powers, duties and privileges of the State as above set out.

In answer to question No. 2, you are advised that no provision has been made by law restricting the character of title which may be acquired by the State of Texas for highway purposes nor has any provision been made which prevents the Highway Department from accepting conveyances containing reversionary clauses. The powers of the State Highway Commission are broad and their decisions on all matters relating to the construction and maintenance of highways are supreme. Mosheim vs. Rollins, 78 S. W. (2d) 672.

While it is true that Article 6672a, Vernon's Revised Civil Statutes, provides that abandoned right of way may be sold, there is nothing in that statute that would indicate an

intention on the part of the Legislature to restrict the character of conveyance to be accepted by the Highway Department. This statute was passed for the purpose of preventing the sale of right of way purchased by the State without recovering adequate compensation therefor and provides for the replacing of funds used to purchase this right of way in the fund from which it was taken. But in the instant case, it would be presumed that the kind of title acquired would be taken into consideration in the amount of the purchase price. It is, therefore, our opinion that it is entirely within the discretion of the State Highway Commission as to whether or not they will accept a conveyance which provides that the title thereto will revert to the grantor in the event it is abandoned by the State.

Trusting that this satisfactorily answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cooke

APPROVEDAUG 14, 1941   Assistant

RHC:N

Acting ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN